| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | JUSTIN L. LEE<br>Assistant U.S. Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | (916) 554-2700 |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 2:18-MJ-00089-CKD |
|---|---|
| Plaintiff, | ) STIPULATION AND ORDER |
| v. | ) CONTINUING PRELIMINARY<br>) HEARING DATE |
| JONATHAN DARLING, | ) |
| Defendant. | ) Judge: Hon. Carolyn K. Delaney |

## **STIPULATION**

The United States, by and through its undersigned counsel, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. By prior order, this matter is set for Preliminary Hearing on May 30, 2019.
2. By this Stipulation, the parties now move to continue the Preliminary Hearing until August 30, 2019, at 2:00 p.m.
3. The defendant made his initial appearance on May 16, 2018, and the preliminary hearing was set for May 30, 2018. At the request of the parties, the preliminary hearing has been continued six times. This stipulation is the seventh request to continue the preliminary hearing.
4. The defendant is presently in custody pending trial in this matter.

5. The parties have discussed potential pre-indictment resolution of this matter. The parties need further time to discuss this matter, discuss any potential consequences, and to allow counsel for the defendant reasonable time necessary for preparation and further investigation.
6. Further, counsel for the defendant wants to explore medical examination of the defendant that may bear on the potential charges in this case.
    a. On July 6, 2018, the parties conferred regarding the defense investigation into the medical examination. Defense counsel informed the United States that defense counsel needs further time for the defendant to receive a medical evaluation.
    b. On September 12, 2018, the parties conferred regarding the status of the medical examination. Counsel for the defendant relayed to the United States that counsel is still in the process of gathering necessary medical records and obtaining a doctor to conduct neurological and psychological examinations.
    c. On October 22, 2018, the parties conferred regarding the status of the medical examination. Counsel for the defendant conveyed that she has gathered all of the necessary medical records and has requested funding for a neuropsychological examination. Counsel for the defendant advised that the examination and review of records will likely not be completed until January 2019.
    d. On January 14 and 18, 2019, the parties conferred regarding the status of the in-person neuropsychological medical examination. Counsel for the defendant advised that the examination has not yet been conducted owing to the backlog of patients pending examination by the examining doctor. Counsel for the defendant contacted the doctor's office and was advised that the examination and follow-up report would be completed within six weeks.
    e. On March 13, 2019, the parties conferred regarding the status of the case. Defense counsel conveyed that she is waiting on receipt of the medical

examination report and that she will need time to review the medical examination report once she has received it. Further, the parties have discussed the terms of a proposed resolution. The proposed terms require further investigation by defense counsel. Defense counsel has engaged the services of a defense investigator. The defense investigation is on-going.

  f. On April 4, 2019, the defense counsel conveyed a letter and two medical examination reports by Dr. Wicks. The first evaluation report concerned an historical evaluation in 2012. The second evaluation report was conducted as part of the defense investigation in this case.

  g. On May 15 and 21, 2019, the parties conferred regarding the status of the case and agreed that further time is necessary for both the defense investigation and the United States's follow-up investigation related to the medical examination reports provided to the United States.

7. The defendant understands that pursuant to 18 U.S.C. § 3161(b), "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." Time may be excluded under the Speedy Trial Act if the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The parties jointly move to exclude time within which any indictment or information shall be filed from the date of this order, through and including August 30, 2019, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), because failure to do so would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

8. Good cause exists under Rule 5.1(d) of the Federal Rules of Criminal Procedure.

**IT IS SO STIPULATED.**

///

///

Stipulation to Continue P/H    3    United States v. Darling

| | | |
|---|---|---|
| DATED: May 22, 2019 | | /s/ Justin L. Lee |
| | | JUSTIN L. LEE |
| | | Assistant U.S. Attorney |
| DATED: May 22, 2019 | | /s/ Jennifer Mouzis |
| | | JENNIFER MOUZIS |
| | | Attorney for Jonathan Darling |
| | | (as authorized on May 21, 2019) |

**ORDER**

IT IS SO FOUND AND ORDERED

Dated: May 22, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE